IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMUEL J. TROPHIA and      :
SHANE T. HALL,      :
     :
   Plaintiffs,      :
     :    CASE NO.
v.      :
     :
CAMPING WORLD, INC.,      :
     :
   Defendant.      :
_____ :

## **COMPLAINT**

Plaintiffs, SAMUEL J. TROPHIA and SHANE T. HALL, hereby sue Defendant, CAMPING WORLD, INC., and allege as follows:

1.     This action is between parties of diverse citizenship, involves a defective product, breaches of express and implied warranties, catastrophic injury, and legal damages exceeding $75,000, and is properly before this Court pursuant to 28 U.S.C. § 1332(a).

2.     Plaintiff, SAMUEL J. TROPHIA, is and was, at all material times, a citizen of the State of Florida and currently resides in St. Petersburg, Florida.

3.     Plaintiff, SHANE T. HALL, is and was, at all material times, a citizen of the State of Florida and currently resides in St. Petersburg, Florida.

4.     Plaintiffs are and were, at all material times, legally married.

CASE NO.

5.      Defendant, CAMPING WORLD, INC., is a for-profit corporation that was formally established under the laws of the State of Kentucky and that, at all material times, operated from its principal place of business within the State of Kentucky, actively conducted business in the State of Florida under the alternative name of "CWI, Inc." and the fictitious name of "Gander Outdoors," designed, distributed, marketed, and sold products for consumers within the State of Florida, and applied its trademark, "Venture Forward," to a line of products for outdoor enthusiast within the State of Florida.

6.      Defendant is the largest retailer of recreational vehicles and related products in the United States, has over 50 years of experience in the RV industry, operates approximately 170 retail locations, and touts the best and most comprehensive assortment of RV products, services, and resources.

7.      Plaintiffs are intelligent and professional gentlemen who, at middle age, enjoyed the good fortune of having a luxurious, 42-foot RV and the time to travel, camp, and engage in other outdoor pursuits.

8.      On March 29, 2021, Plaintiff, SAMUEL J. TROPHIA, visited Defendant's retail store at 4681 Waycross Road in Ft. Myers, Florida, and shopped for a new mat to be used at campsites and placed outside and at the exit of his RV.

9.      Mr. Trophia had always used a mat made of sisal for this purpose, but his most recent sisal mat had become worn and dirty from its exposure outside.

CASE NO.

10.    While at Defendant's store on March 29, 2021, Mr. Trophia purchased a "Venture Forward 6 x 9 Diamond Mat" from Defendant after reviewing the informational insert provided by Defendant and after concluding that Defendant's mat would be more durable, more weather resistant, easier to clean, and dry more quickly than his prior sisal mat.

11.    A true and complete copy of Defendant's informational insert is attached at **Exhibit A**.

12.    Defendant's informational insert features its trademark, "Venture Forward," identifies Defendant as the distributor of the mat, depicts the mat being used outside and at the exit of an RV, and affirmatively represents: (a) "Heavy weight 6' x 9' mat with tight weaving & reinforced stitching for long lasting durability"; (b) "UV coated polypropylene material for weather & fade resistant"; and (c) "Use mild detergents to wash mats and spray clean with hose.  Dries quickly."

13.    On the same date of this purchase, March 29, 2021, Plaintiffs visited a campsite in Dade City, Florida, and Mr. Trophia installed the polypropylene mat outside and at the exit of his RV, as intended by Defendant and as depicted in Defendant's information insert.

14.    After arriving at the campsite and installing Defendant's polypropylene mat, Mr. Trophia went into his RV to address some basic

3

CASE NO.

housekeeping and as a light rain fell briefly outside.

15.     After the light rain stopped, and after being inside the RV for approximately 30 minutes, Mr. Trophia exited his RV, took a single step onto Defendant's polypropylene mat with his right foot, and slipped forcefully and awkwardly, thereby sustaining a severely comminuted fracture of his right femur.

16.     Mr. Trophia has since undergone extensive medical treatment, including two comprehensive surgeries with instrumentation, and continues to undergo medical treatment, with the hope of restoring his ability to walk in the future without assistance, pain, or restrictions.

17.     In early April of 2021, and while lying in a hospital bed, Mr. Trophia telephoned Defendant's retail store in Ft. Myers, notified several of Defendant's customer-service representatives of his injury and the defective nature of the mat, and was told to await a return call by the store manager.

18.     A return call by Defendant or its store manager was never received, and as result, Plaintiffs retained undersigned counsel, who promptly wrote to Defendant's chief executive officer, Marcus Lemonis, on May 7, 2021, shared the details of Mr. Trophia's purchase and use of the polypropylene mat, explained the defective nature of the mat, described the severity of Mr. Trophia's injury, pled for the immediate removal of the mat from Defendant's sales inventory, referenced Mr. Trophia's prior notice to Defendant's retail store in Ft. Myers, and invited

CASE NO.

Defendant to discuss Mr. Trophia's situation further.

19.     This letter from Plaintiffs' counsel was titled, "URGENT REQUEST FOR ATTENTION AND ASSISTANCE," and is attached at **Exhibit B**.

20.     Neither Mr. Lemonis nor any other executive, customer-service representative, store manager, employee, agent, or attorney of Defendant ever accepted undersigned counsel's invitation and attempted to discuss Mr. Trophia's situation privately.

## COUNT I
## BREACH OF EXPRESS WARRANTY

21.     Plaintiffs, SAMUEL J. TROPHIA and SHANE T. HALL, adopt and incorporate the first paragraph through the twentieth paragraph, above, as if each was repeated within this particular count.

22.     Defendant, CAMPING WORLD, INC., is a seller of goods, including the polypropylene mat sold to and purchased by Plaintiff, SAMUEL J. TROPHIA, and otherwise holds itself out as the largest retailer of RV products in the United States.

23.     Defendant, through the informational insert provided with its polypropylene mat, affirmatively represented that the mat was appropriate for use outside and at the exit of an RV and was "heavy weight," made with materials which were "weather resistant," and one that "dries quickly."

CASE NO.

24.    Mr. Trophia reviewed and justifiably relied upon these representations when purchasing Defendant's polypropylene mat to replace a sisal mat outside and at the exit of his RV.

25.    Defendant's informational insert created an express warranty regarding the polypropylene mat and became a part of the transaction between Mr. Trophia and Defendant.

26.    Defendant's polypropylene mat was defective in that, after being exposed briefly to a light rain, it did not conform to Defendant's express warranty and representations about weather resistance, drying quickly, and using the mat outside and at the exit of an RV.

27.    The polypropylene mat was defective when Defendant sold the mat to Mr. Trophia.

28.    The defective mat directly and proximately caused damages to Mr. Trophia in the past, and will directly and proximately cause damages to Mr. Trophia in the future, including, but not limited to, permanent physical injury to Mr. Trophia, his pain, suffering, and mental anguish, his disability, the expenses of medical care, and the sheer loss of his capacity for the enjoyment of life.

CASE NO.

29.     Furthermore, because of the damage and injury to Mr. Trophia, the defective mat directly and proximately caused a loss by Plaintiff, SHANE T. HALL, of his spouse's consortium, companionship, society, support, and services.

30.     Mr. Trophia, and then undersigned counsel, timely notified Defendant of the defective nature of its polypropylene mat and provided Defendant a meaningful opportunity to address the consequences of its breach before the filing of this action.

WHEREFORE, Plaintiffs, SAMUEL J. TROPHIA and SHANE T. HALL, hereby demand entry of a judgment against Defendant, CAMPING WORLD, INC., for all damages, costs, and other relief that the Court may deem just and proper.

## COUNT II
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

31.     Plaintiffs, SAMUEL J. TROPHIA and SHANE T. HALL, adopt and incorporate the first paragraph through the twentieth paragraph, above, as if each was repeated within this particular count.

32.     Defendant, CAMPING WORLD, INC., is a merchant that routinely deals in RV products, such as the polypropylene mat sold to and purchased by Plaintiff, and otherwise holds itself out as the largest retailer of RV products in the United States.

CASE NO.

33.    Plaintiff was a foreseeable user of the polypropylene mat sold by Defendant and purchased by Plaintiff.

34.    Because of Defendant's status as a merchant, a warranty of merchantability was implied within the parties' sale and purchase of the polypropylene mat.

35.    A merchantable product is one that, at a minimum, is reasonably fit for the uses intended or reasonably foreseeable by Defendant.

36.    Defendant intended its polypropylene mat to be used in the very manner used by Plaintiff, outside and at the exit of his RV.

37.    The polypropylene mat was defective in that it was not reasonably fit for use at the exit of an RV and outside, where its exposure to rain was certain.

38.    The polypropylene mat was defective when Defendant sold the mat to Plaintiff.

39.    The defective mat directly and proximately caused damages to Plaintiff in the past, and will directly and proximately cause damages to Plaintiff in the future, including, but not limited to, permanent physical injury to Plaintiff, his pain, suffering, and mental anguish, his disability, the expenses of medical care, and the sheer loss of his capacity for the enjoyment of life.

40.    Furthermore, because of the damage and injury to Mr. Trophia, the defective mat directly and proximately caused a loss by Plaintiff, SHANE T.

CASE NO.

HALL, of his spouse's consortium, companionship, society, support, and services.

41.    Mr. Trophia, and then undersigned counsel, timely notified Defendant of the defective nature of its polypropylene mat and provided Defendant a meaningful opportunity to address the consequences of its breach before the filing of this action.

WHEREFORE, Plaintiffs, SAMUEL J. TROPHIA and SHANE T. HALL, hereby demand entry of a judgment against Defendant, CAMPING WORLD, INC., for all damages, costs, and other relief that the Court may deem just and proper.

## COUNT III
## STRICT LIABILITY

42.    Plaintiffs, SAMUEL J. TROPHIA and SHANE T. HALL, adopt and incorporate the first paragraph through the twentieth paragraph, above, as if each was repeated within this particular count.

43.    Defendant, CAMPING WORLD, INC., is in the business of designing, distributing, marketing, and selling RV products, such as the polypropylene mat sold to Plaintiff by Defendant.

44.    Defendant's polypropylene mat was defective in its design as the polypropylene became unreasonably dangerous and slippery when the mat was exposed to rain and otherwise used, as intended by Defendant, outside and at the

CASE NO.

exit of an RV.

45.     Defendant's polypropylene mat was unreasonably dangerous because it failed to perform as safely as an ordinary consumer would expect when the mat was used as intended or in a manner reasonably foreseeable to Defendant.

46.     Defendant's polypropylene mat failed to perform as safely as Plaintiff expected based upon his prior use of sisal mats and their lack of slipperiness when exposed to rain.

47.     Additionally, the polypropylene mat was defective in that the risk of harm from its slipperiness could have been, but was not, reduced or avoided by the provision of reasonable warnings with the mat or within its informational insert.

48.     The risk of harm from the slipperiness of the polypropylene mat was known or knowable by Defendant at the time of its sale of the mat to Plaintiff.

49.     The risk of harm from the slipperiness of the polypropylene mat was not known to Plaintiff, who previously used sisal mats at the exit of his RV.

50.     These defects in the design of the polypropylene mat and from the absence of an adequate warning existed at the time Defendant sold the mat to Plaintiff.

51.     These defects directly and proximately caused damages to Plaintiff in the past, and will directly and proximately cause damages to Plaintiff in the future, including, but not limited to, permanent physical injury to Plaintiff, his pain,

CASE NO.

suffering, and mental anguish, his disability, the expenses of medical care, and the sheer loss of his capacity for the enjoyment of life.

52.     Furthermore, because of the damage and injury to Mr. Trophia, the defects in the design of the polypropylene mat and from the absence of an adequate warning directly and proximately caused a loss by Plaintiff, SHANE T. HALL, of his spouse's consortium, companionship, society, support, and services.

WHEREFORE, Plaintiffs, SAMUEL J. TROPHIA and SHANE T. HALL, hereby demand entry of a judgment against Defendant, CAMPING WORLD, INC., for all damages, costs, and other relief that the Court may deem just and proper.

## COUNT IV
## NEGLIGENCE

53.     Plaintiffs, SAMUEL J. TROPHIA and SHANE T. HALL, adopt and incorporate the first paragraph through the twentieth paragraph, above, as if each was repeated within this particular count.

54.     Defendant, CAMPING WORLD, INC., designed, marketed, and sold RV products, such as the polypropylene mat purchased and used by Plaintiff.

55.     Defendant had a legal duty to utilize reasonable care and design products that were reasonably safe when used as intended or in a manner that was reasonably foreseeable to Defendant.

CASE NO.

56.     Defendant breached this legal duty and was negligent by designing its mat in polypropylene that became unreasonably dangerous and slippery when the mat was exposed to rain and otherwise used, as intended by Defendant, outside and at the exit of an RV.

57.     Defendant also had a legal duty to utilize reasonable care and design, market, and sell products with appropriate warnings about the risks that arose from the intended or reasonably foreseeable use of the products and that were known or knowable by Defendant.

58.     Defendant breached this additional duty and was negligent by designing, marketing, and selling its polypropylene mat without an appropriate warning about the risk of slipperiness and physical injury when the mat was exposed to rain and otherwise used, as intended by Defendant, outside and at the exit of an RV.

59.     Defendant's negligence directly and proximately caused damages to Plaintiff in the past, and will directly and proximately cause damages to Plaintiff in the future, including, but not limited to, permanent physical injury to Plaintiff, his pain, suffering, and mental anguish, his disability, the expenses of medical care, and the sheer loss of his capacity for the enjoyment of life.

60.     Furthermore, because of the damage and injury to Mr. Trophia, Defendant's negligence directly and proximately caused a loss by Plaintiff,

CASE NO.

SHANE T. HALL, of his spouse's consortium, companionship, society, support, and services.

WHEREFORE, Plaintiffs, SAMUEL J. TROPHIA and SHANE T. HALL, hereby demand entry of a judgment against Defendant, CAMPING WORLD, INC., for all damages, costs, and other relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, SAMUEL J. TROPHIA and SHANE T. HALL, in accordance with Rule 38(b) of the Federal Rules of Civil Procedure, hereby demand a jury trial of all issues so triable.

/s/

_____

Richard C. Alvarez, Esquire
Florida Bar No. 031615
OLDER LUNDY ALVAREZ & KOCH
*Counsel to Plaintiffs*
1000 West Cass Street
Tampa, Florida 33606
Telephone No. (813) 254-8998
Facsimile No. (813) 839-4411
triallawyers@olalaw.com